316 F.3d 351
 Erica FORD; Miriam Plata; Quentin Walcott; Jose Rivas-Cinque; Viola Plummer; William Clay, Plaintiffs-Appellants,
v.
W. Ann REYNOLDS; Robert E. Diaz; Thomas Minter; Marcia Keizs; Ronald H. Brown, Esq.; Charles McCabe; Jose Elrique; City University of New York; York College, Defendants-Appellees.
 Docket No. 01-9250.
 United States Court of Appeals, Second Circuit.
 Argued December 20, 2002.
 Decided January 17, 2003.
 
 Ronald McGuire, New York City, for Appellants.
 Melanie L. Oxhorn, Assistant Solicitor General, State of New York, New York City (Eliot Spitzer, Attorney General of the State of New York, New York City, of counsel), for Appellees.
 Before: FEINBERG, MESKILL and CALABRESI, Circuit Judges.
 MESKILL, Circuit Judge.
 
 
 1
 Plaintiffs-appellants appeal from an order of the United States District Court for the Eastern District of New York, Johnson, J., granting summary judgment in favor of defendants-appellees on plaintiffs-appellants' claims under the First, Fifth and Fourteenth Amendments to the United States Constitution on the ground that each of the defendants-appellees was entitled to sovereign immunity. Federal question jurisdiction is proper because the plaintiffs-appellants brought claims pursuant to the United States Constitution and 42 U.S.C. § 1983. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 as this is an appeal from a final judgment of the district court.
 
 BACKGROUND
 
 2
 Plaintiffs-appellants Ford, Plata, Walcott and Rivas were students at York College, a senior college in the City University of New York (CUNY) system, in the fall semester of 1995. Rivas was president of the Student Government at that time. (Collectively, these are the "Student Plaintiffs".) In the fall of 1995, each of the defendants-appellees held positions at York College or CUNY, except Keizs, who replaced Minter as Acting President of York College after the events alleged in the complaint occurred.
 
 
 3
 In the fall semester of 1995, the Student Plaintiffs planned a Black Solidarity Day (BSD) event to be held on November 6, 1995 in the Atrium, an on-campus facility at York College. The event received preliminary approval from the York College Events Review Committee on October 31, 1995, including preliminary approval of honoraria for several speakers who were not affiliated with York College. However, on November 4, 1995 Minter informed the Student Plaintiffs that he would not approve any event for November 6, 1995 involving non-campus speakers. Minter also issued a memorandum to all students and staff informing them that the event would go forward, but that only students and staff with campus identification cards would be permitted to participate. On November 5, 1995 the Student Plaintiffs issued a statement saying that they planned to go forward with the event as originally scheduled, including the off-campus speakers.
 
 
 4
 When the Student Plaintiffs arrived at York College on November 6, 1995, they found it "locked down" by CUNY peace officers. Two of the invited non-campus speakers, plaintiff-appellants Plummer and Clay (collectively, the "Speaker Plaintiffs") arrived at campus and were informed by Brown that they would be denied entry. Negotiations between the students and the college ensued.
 
 
 5
 Later that day, another scheduled speaker, Dr. Khalid Muhammad (Muhammad) arrived. Muhammad was a spokesperson at one time for the Nation of Islam, and a controversial figure. Several hundred students marched to the gates of campus with Muhammad and, allegedly fearing an outbreak of violence, the college authorities permitted them to enter. After this delay, the BSD event went forward as planned, including presentations from each of the Plaintiff Speakers and Muhammad. (Muhammad is not a party to this litigation.)
 
 
 6
 After the 1995 BSD event, the Student Plaintiffs were charged with disciplinary violations related to the event and a hearing was scheduled at which the Student Plaintiffs could have been suspended or expelled. Although the Speaker Plaintiffs had been promised payment for their speeches, the appellees refused to pay them, contending that the event had violated campus rules, that the students had failed to file the proper paperwork in advance of the event, and that because the speakers were never finally approved, they were not entitled to payment.
 
 
 7
 In January 1996, the Student Plaintiffs and the Speaker Plaintiffs filed a complaint in the United States District Court for the Eastern District of New York. The focus of the complaint was a demand that the disciplinary action then pending against the Student Plaintiffs be enjoined, and that the Speaker Plaintiffs be paid their honoraria. Shortly after the complaint was filed, all of the disciplinary charges against the Student Plaintiffs were dropped. The scheduled disciplinary hearing was cancelled. Each of the Student Plaintiffs eventually graduated from York College.
 
 
 8
 The district court granted summary judgment in favor of the defendants on all counts, finding that each of the defendants was entitled to sovereign immunity under the Eleventh Amendment. This appeal followed. The appellants challenge the district court's grant of summary judgment only as to defendants Reynolds, Diaz, Minter, Brown, McCabe and Elrique.[1] The appellants do not appeal the grant of summary judgment as to defendants York College, CUNY and Keizs.
 
 DISCUSSION
 
 9
 The summary judgment standard in this Circuit is well established.
 
 
 10
 We review a district court's grant of summary judgment de novo.
 
 
 11
 The standards governing summary judgment are well-settled. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.
 
 
 12
 In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.] Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party.
 
 
 13
 Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir.2002) (internal citations and quotation marks omitted).
 
 
 14
 The district court found that all of the appellees were entitled to summary judgment on the basis of Eleventh Amendment sovereign immunity.
 
 
 15
 The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
 
 
 16
 It has long been settled that the reference to actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities. Thus, when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.
 
 
 17
 Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997) (internal citations and some quotation marks omitted).
 
 
 18
 The Eleventh Amendment bars the award of money damages against state officials in their official capacities. However, under Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), there is a limited exception to the general principle of sovereign immunity [that] allows a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law under the theory that such a suit is not one against the State, and therefore not barred by the Eleventh Amendment.
 
 
 19
 CSX Transp. v. N.Y. State Office of Real Prop. Servs., 306 F.3d 87, 98 (2d Cir.2002) (internal citations and quotation marks omitted). The appellants contend that this exception applies to their claims.
 
 
 20
 "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002) (internal citation and quotation marks omitted).
 
 
 21
 Here, the complaint seeks the following injunctive relief:
 
 
 22
 (3) A permanent injunction:
 
 
 23
 (a) Enjoining Defendants from taking any further disciplinary action against the student Plaintiffs or any other student for peaceful acts in violation of the speakers ban enforced at York College on November 6, 1995 and;
 
 
 24
 (b) Enjoining Defendants from denying payment to Plaintiffs Viola Plummer, William Clay or any other person who performed services under contract at the Black Solidarity Day event at York College on November 6, 1995[.]
 
 
 25
 The first injunction requested has become moot; each of the named plaintiffs has graduated from York College without suffering any "further disciplinary action," and there is no allegation that any "other student" still attending York College is at risk of disciplinary action arising out of the 1995 BSD event. Accordingly, the first request for injunction "no longer presents a live controversy and is therefore moot," Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir.1998), and does not justify an application of Ex parte Young.
 
 
 26
 The second injunction requested also fails on its merits. "[A] showing of irreparable harm is required for the imposition of any injunctive relief, preliminary or permanent." Rodriguez v. DeBuono, 175 F.3d 227, 235 n. 9 (2d Cir.1999) (per curiam) (internal quotation marks omitted). To establish irreparable harm, the injury alleged "must be one requiring a remedy of more than mere money damages." Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989). The only relief sought by the Speaker Plaintiffs is payment of the honoraria they were promised for speaking at the 1995 BSD event. Accordingly, any harm suffered by these plaintiffs can be remedied by monetary damages and injunctive relief should be denied.
 
 
 27
 There being no valid claim for prospective injunctive relief in the complaint, Ex parte Young has no application to this case.[2] Reynolds, Diaz, Minter, Brown, McCabe and Elrique, as they are named in their official capacities, are each entitled to summary judgment on the basis of Eleventh Amendment immunity.
 
 
 28
 "However, the eleventh amendment does not extend to a suit against a state official in his [or her] individual capacity, even when the conduct complained of was carried out in accordance with state law." Berman Enters. v. Jorling, 3 F.3d 602, 606 (2d Cir.1993). The district court did not address the claims against the defendants-appellees in their individual capacities. The parties agree that this was error, because Reynolds, Diaz, Minter, Brown, McCabe and Elrique were each named in their individual, as well as official, capacities. See Shabazz v. Coughlin, 852 F.2d 697, 700 (2d Cir.1988).
 
 
 29
 The appellees contend that they are entitled to qualified immunity. "[T]he defense of qualified immunity protects only individual defendants sued in their individual capacity, not governmental entities, and it protects only against claims for damages, not against claims for equitable relief." Rodriguez v. City of New York, 72 F.3d 1051, 1065 (2d Cir.1995) (internal citations omitted).[3] Although the parties briefed the issue of qualified immunity below, and on appeal, it was not addressed by the district court.
 
 
 30
 "Because the District Court has not made any findings ..., we decline to reach this issue and instead remand to the District Court to make this determination." Metropolitan Life Ins. Co. v. Bigelow, 283 F.3d 436, 444 (2d Cir.2002). "In these circumstances, we believe it is sound judicial administration to vacate the decision of the district court and remand for development of these and other relevant arguments before the district court." Farricielli v. Holbrook, 215 F.3d 241, 246 (2d Cir.2000).
 
 
 31
 On remand, the district court should consider, inter alia, the following issues: (1) whether Reynolds, Diaz, Minter, Brown, McCabe or Elrique is entitled to qualified immunity; (2) whether the defendants' failure to submit affidavits or deposition testimony from Reynolds, Diaz, McCabe and Elrique precludes a grant of summary judgment in their favor on the grounds of qualified immunity; (3) whether the defendants met their burden at the summary judgment stage as to the plaintiffs' four claims for declaratory relief; and (4) whether the plaintiffs' complaint sets forth any claim for relief based on the defendants' actions in regard to the 1993 and 1994 BSD events, as opposed to merely mentioning those events as factual background for claims relating to the 1995 BSD event.
 
 CONCLUSION
 
 32
 The judgment of the district court is AFFIRMED as to the entry of summary judgment in favor of defendants CUNY, York College and Keizs, and as to the entry of summary judgment in favor of defendants Reynolds, Diaz, Minter, Brown, McCabe and Elrique in their official capacities. The judgment is also affirmed as to all claims for injunctive relief. The judgment of the district court is VACATED as to the entry of summary judgment in favor of defendants Reynolds, Diaz, Minter, Brown, McCabe, and Elrique in their individual capacities. This case is hereby REMANDED to the district court for consideration of the claims for monetary and declaratory relief against these six defendants in their individual capacities.
 
 
 
 Notes:
 
 
 [1]
 There is some question as to how this party's name is spelled. We simply adopt the spelling used in the caption on the complaint
 
 
 [2]
 The appellants contend that one Student Plaintiff sued in his capacity as President of the Student Government. This fact, according to the appellants, means that their requests for injunctive relief are not moot. However, the complaint does not seek any injunctive relief on behalf of the Student Plaintiffs beyond the injunction against disciplinary action specifically arising out of the events of November 6, 1995. Accordingly, the "representative plaintiff" argument is irrelevant. The appellants also discuss the possibility of an injunction prohibiting the defendants from refusing to allow the Speaker Plaintiffs to speak in the future; however, no such demand for relief appears in the complaint
 
 
 [3]
 Although we have concluded that the defendants-appellees were entitled to summary judgment on the plaintiffs' two claims for injunctive relief on the grounds that one is moot and one fails as a matter of law, the complaint also sets forth four claims for declaratory relief. These claims for equitable relief cannot be barred by qualified immunity, so even if, on remand, the district court finds that the defendants are each entitled to qualified immunity, it will still need to address the plaintiffs' claims for declaratory relief