**Joseph M. DARCY, Plaintiff–Appellant,**

v.

**Jonathan LIPPMAN, individually and as chief administrative Judge of NYS, Judy Kluger, individually and as administrative Judge NYC Criminal Court, Hon. Juanita Bing–Newton, as successor to Judge Kluger, Patricia Henry, individually and as executive Assistant to Judge Kluger, Hon. Joan Carey, individually and as Chief Administrative Judge NYC Courts, Michael Colodner, individually and as chief Counsel Unified Court System, William Etheridge, individually and**

as Chief Clerk NYC Criminal Court, Daniel Allesandreno, individually and as First Deputy Chief Clerk NYC Crim. Court, Vincent Modica, successor to Daniel Allesandreno, John Doe III, individually and as a member of "Central Administration" of NYC Criminal Court, Jane Doe Jr., individually and as a member of "Central Administration" of NYC Criminal Court, The Unified Court System, The State of New York, Defendants–Appellees.

No. 08–2293–cv.

United States Court of Appeals, Second Circuit.

Oct. 22, 2009.

**436**

Joseph M. Darcy, Garwood, NJ, pro se.

Monica Wagner, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, Michelle Aronowitz, Deputy Solicitor General, on the brief), New York, NY, for appellees.

PRESENT: PIERRE N. LEVAL and REENA RAGGI, Circuit Judges and DENISE COTE,* District Judge.

### SUMMARY ORDER

Joseph M. Darcy appeals the dismissal of his claims under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.;* the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.;* the Rehabilitation Act, 29 U.S.C. § 701 *et seq.;* and state and city law. Darcy claims the district court erred by dismissing his complaint and first amended complaint, denying as untimely his motion to file a second amended complaint, and denying his motion to reconsider the latter ruling. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our ruling.

---

* District Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

#### 1. *Standards of Review*

We review *de novo* the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). On appeal from a dismissal pursuant to Fed.R.Civ.P. 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo.*" *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted). We review for abuse of discretion the district court's denial of motions to file an amended complaint, *see Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir.1999), and to reconsider a ruling, *see Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998).

#### 2. *ADA and ADEA Claims*

■ Darcy's ADA and ADEA claims seeking damages from New York State and the state's Unified Court System ("UCS") are barred by the Eleventh Amendment.[1] Abrogation of state sovereign immunity is accomplished neither by ADA Title I, *see Board of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 368, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), nor by the ADEA, *see Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). Nor is there any suggestion that the state has consented to be sued under either statute. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 676–77, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

■ The Eleventh Amendment likewise bars Darcy from pursuing a claim for dam-

---

1. All of Darcy's claims for injunctive relief are moot, as he has retired. *See Dean v. Blumenthal,* 577 F.3d 60, 65–66 (2d Cir.2009). Thus we address only his damage claims.

ages against the individual defendants in their official capacities. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Darcy may not sue these defendants in their personal capacities, because the ADA and ADEA, like Title VII, do not provide for actions against individual supervisors. *Compare* 42 U.S.C. § 2000e(b), *with* 42 U.S.C. § 12111(5), and 29 U.S.C. § 630(b); *see Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–16 (2d Cir.1995) (holding that Title VII action may be maintained only against "employer-entity"), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Thus Darcy's ADA and ADEA claims were properly dismissed.

### 3. *Rehabilitation Act Claim*

Darcy cannot maintain Rehabilitation Act claims for damages against the individual defendants in their personal capacities. *See Garcia v. SUNY Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir.2001). Moreover, even if we assume that no Eleventh Amendment bar precludes Darcy from pursuing such claims against New York State and UCS, or against the individual defendants in their official capacities, the district court nevertheless properly dismissed these claims because Darcy failed sufficiently to allege that he was an "individual with a disability" within the meaning of the Rehabilitation Act.

Darcy's *pro se* pleadings, even when construed liberally, adequately alleged only that his heart condition was a physical impairment affecting the major life activities of breathing and working, not that it "substantially limit[ed]" these activities. *See* 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(1)(A). As the district court observed, Darcy made no particularized allegations regarding breathing. A disability "substantially limits" a plaintiff's ability to work only where it precludes him from performing "a broad range of jobs." *Bartlett v. N.Y. State Bd. of Law Exam'rs,* 226 F.3d 69, 83 (2d Cir.2000) (internal quotation marks omitted). Darcy made no such allegation. Indeed, he conceded that he was able to perform his own job without accommodation. To the extent Darcy argues that commuting is an element of the major life activity of working, we need not decide that question, because he alleges stress and deleterious health effects, Am. Compl. ¶ 94, not that he was "[s]ignificantly restricted" in his ability to travel to and from work, much less that he was "[u]nable" to do so, *see* 29 C.F.R. § 1630.2(j)(1); *Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 643 (2d Cir.1998).

Even if we were to conclude that Darcy's convalescence constituted a record of impairment, rather than an acute episode, *see Colwell v. Suffolk County Police Dep't,* 158 F.3d at 646, his complaint fails adequately to allege that defendants relied on that record in transferring or demoting him, as the law requires, *see id.* at 645. Allegations that supervisors "urged [him] to work at a pace that would not cause [his] health to deteriorate," Am. Compl. ¶ 28, are insufficient to demonstrate a perception that Darcy was unable to perform "a broad range of jobs," *Bartlett v. N.Y. State Bd. of Law Exam'rs,* 226 F.3d at 83, especially in light of Darcy's allegation that the speakers also assigned him to complete the "monumental" task of completing the court manual, Am. Compl. ¶ 21.

### 4. *Other Claims*

Having dismissed Darcy's federal claims, the district court properly declined to exercise jurisdiction over his pendent claims. *See* 28 U.S.C. § 1367(c). We detect no abuse of discretion in the dismissal of Darcy's second amended complaint as untimely filed, given his failure to meet the court-imposed deadline, or in the denial of his motion to reconsider, where he offered

no explanation for his untimeliness. *See Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir.1995).

We have reviewed Darcy's remaining arguments and find them similarly lacking in merit. Accordingly, the judgment of the district court is AFFIRMED.