Gardner v. Murphy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

_____

Jimmy Gardner,

> *Plaintiff-Appellee*,

> v.                                                        No. 14-1142

Brian K. Murphy, Commissioner of D.O.C., Angel Quiros, Warden, Northern CI, Michael Lajoie, Employment, Northern CI, Leo Arnone, Marinelli, Captain, Butkiewicus, Captain, Maldonado, Warden, Faucher, Deputy Warden,

> *Defendants-Appellants*,

Carson Wright,

> *Defendant*.

_____

FOR PLAINTIFF-APPELLEE:                    Jimmy Gardner, pro se, Suffield, CT.

FOR DEFENDANTS-APPELLANTS:        Carmel A. Motherway, Assistant Attorney General, *for* George Jepsen, Attorney General of Connecticut, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part and that the appeal is **DISMISSED** in part.

Plaintiff-Appellee Jimmy Gardner brought a civil rights action against Defendants-Appellants, officials and employees of the Connecticut Department of Corrections, alleging that they created and executed a policy of requiring inmates with disciplinary problems to be handcuffed behind their backs during their out-of-cell recreation periods. The defendants appeal from the district court's order (Shea, *J.*), which denied their motion for summary judgment on qualified immunity grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the denial of qualified immunity on a motion for summary judgment. *See Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although we generally lack jurisdiction to consider the denial of summary judgment, we may do so when the district court has rejected a qualified immunity defense. *See Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007). Our jurisdiction is limited, however, "to circumstances where the qualified immunity defense may be established as a matter of law." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks

omitted). When the district court has identified a disputed issue of fact, a defendant denied qualified immunity may obtain interlocutory review only by asserting an entitlement to the defense even accepting as true the plaintiff's version of the facts. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Accordingly, we analyze the facts in the light most favorable to Gardner, focusing our de novo review on "the legal question of whether the disputed facts identified by the [d]istrict [c]ourt are, in fact, material" to the defendants' entitlement to qualified immunity. *Id.*

Qualified immunity shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotation marks omitted). The defendants bear the burden of establishing their entitlement to qualified immunity. *See Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [officials] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (internal quotation marks omitted).

"A right is 'clearly established' if 'the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998) (alterations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To determine whether a right is clearly established, we consider "whether the right in question was defined with reasonable specificity," "whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in

3

question," and "whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." *Dean v. Blumenthal*, 577 F.3d 60, 68 (2d Cir. 2009) (per curiam) (internal quotation marks omitted).

To prevail on a conditions-of-confinement claim, an inmate must show that he suffered a sufficiently serious deprivation and that prison officials acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner suffers a sufficiently serious deprivation when prison officials fail to furnish him with "life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Accordingly, we have recognized that "the Eighth Amendment requires that prison inmates be allowed some out-of-cell exercise." *Williams v. Greifinger*, 97 F.3d 699, 704 n.5 (2d Cir. 1996). That right is limited, however, where there is a valid safety exception or certain unusual circumstances. *See id.* at 704. Additionally, when a restriction on exercise is imposed, prison officials must perform "a detailed review" of feasible alternatives. *Id.* at 705 (internal quotation marks and alterations omitted). Taken together, our earlier decisions have clearly established the right for inmates to have some meaningful opportunity for exercise unless the prison has a legitimate safety justification and has adequately considered feasible alternatives. The district court in this case defined the clearly established right similarly and therefore correctly stated "the level of generality at which the relevant 'legal rule' is to be identified." *Anderson*, 483 U.S. at 639.

Even though inmates have a clearly established right to some meaningful opportunity to exercise subject to a safety exception and adequate consideration of alternatives, the question remains whether "'reasonable persons in [the defendants'] position would not have understood that their conduct was within the scope of the established prohibition.'" *LaBounty*, 137 F.3d at 73

(quoting *In re State Police Litig.*, 88 F.3d 111, 123 (2d Cir. 1996)). To be entitled to qualified immunity on this basis, a defendant must demonstrate that "no rational jury could fail to conclude" that it was reasonable for him to believe that his conduct did not violate the prisoner's constitutional right. *Id.* at 74 (internal quotation marks omitted).

Here, the defendants argue that all reasonable jurors would agree that the prison officials acted reasonably in permitting Gardner to exercise only while handcuffed behind his back. We disagree. Of particular relevance on this interlocutory appeal are the district court's conclusions that questions of fact remained as to whether the plaintiff had some meaningful opportunity to engage in exercise and whether the defendants had an adequate safety justification for their imposing restraints on Gardner's exercise. Because we lack jurisdiction to resolve the adequacy of the plaintiff's opportunity for exercise or the defendants' safety justification, *see Savino*, 331 F.3d at 72, the question we must confront on this appeal narrows considerably: We must decide solely whether reasonable jurors could disagree about whether it would have been objectively reasonable for the defendants to believe that they would not violate Gardner's clearly established constitutional rights by requiring him to be handcuffed behind his back during exercise, absent an adequate safety justification for the restraints.

The defendants argue that reasonable officials could debate the legality of the conduct now at issue because neither the Supreme Court nor this Court "has held that requiring an inmate to recreate in restraints *for security reasons* is unconstitutional." *Alston v. Murphy*, No. 3:12-cv-00811, 2014 WL 1379894, at *6 (D. Conn. Apr. 8, 2014) (emphasis added). We are unpersuaded for several reasons. First, the defendants' argument assumes that there is in fact a valid safety rationale, which we must assume is not true for purposes of this appeal. Second, the

5

defendants' position defines the scope of the right too narrowly. We have recognized that a restriction on the meaningful opportunity to exercise must be based on a valid security exception. *See Williams*, 97 F.3d at 704. Here, it is undisputed that while in Phase I of the Administrative Segregation Program, Gardner was permitted to attend outdoor recreation only while handcuffed behind his back. Such a restriction may be found to infringe an inmate's right to a meaningful opportunity to exercise, and, if so, must be justified by a valid security concern. Accordingly, if it finds unpersuasive a proffered safety justification, a reasonable jury could readily conclude that a corrections official acted unreasonably by permitting an inmate to exercise only in restraints. After all, we do not see how a prison policy that required *every* inmate to remain in restraints during out-of-cell exercise could comport with the clearly established scope of the Eighth Amendment as to a particular inmate, unless there were a persuasive safety justification for that inmate's restraints. Third, as we have noted previously, "the absence of legal precedent addressing an identical factual scenario does not necessarily yield a conclusion that the law is not clearly established." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 251 (2d Cir. 2001); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances."). Accordingly, we hold that under existing clearly established case law, a reasonable jury may conclude that reasonable officers would agree that handcuffing inmates behind their backs during their out-of-cell exercise without an adequate safety justification is unconstitutional. We therefore cannot conclude on this interlocutory appeal that the district court erred in denying summary judgment to the defendants.

In resolving this appeal, we do not reach several questions as a result of the limits on our jurisdiction. First, we lack jurisdiction to review whether there is in fact a "genuine" factual

6

dispute regarding the extent of Gardner's deprivation of exercise or the adequacy of the defendants' proffered safety justification or of their consideration of feasible alternatives. *See Terebesi v. Torreso*, 764 F.3d 217, 229 (2d Cir. 2014) ("[W]hile we have jurisdiction to determine whether the issue is *material* to the legal issues properly before us, we may not review whether it is *genuine*." (internal quotation marks omitted)). Second, because we must "disregard any disputed facts or facts that contradict [Gardner's] version of events," *id.*, we do not resolve the factual disputes necessary to decide the merits of Gardner's underlying constitutional claim. As a result, we do not consider whether the defendants would be entitled to qualified immunity if there were in fact an adequate safety justification for imposing the exercise-restraint policy on Gardner. We similarly lack jurisdiction to determine Gardner's entitlement to equitable relief, which does not depend on the defendants' entitlement to qualified immunity. *See Ford v. Reynolds*, 316 F.3d 351, 356 & n.3 (2d Cir. 2003).

We have examined the defendants' remaining arguments and find that they lack merit to the extent that we have jurisdiction to consider them. Accordingly, we **AFFIRM** in part the district court's order and **DISMISS** the remainder of this appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7