Edwards v. Arnone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

---

M.A. Edwards,

> *Plaintiff-Appellant*,

v.                                                                          No. 14-329

Arnone, Commissioner, Official and Individual Capacity, LaJoie, Complex Warden, Official and Individual Capacity, Quiros, Warden, Official and Individual Capacity, Powers, Deputy Warden, Official and Individual Capacity,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT**:**                Michael A. Edwards, pro se, Suffield, CT.

1

FOR DEFENDANTS-APPELLEES:          Michael A. Martone, Assistant Attorney
                                   General, *for* George Jepsen, Attorney
                                   General of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Michael Edwards brought a civil rights action against Defendants-Appellees, supervisory officials in the Connecticut Department of Corrections, alleging that they enacted a policy under which Edwards and other inmates with disciplinary problems were subject to full restraints—with hands cuffed behind their backs and ankles shackled—during their out-of-cell recreation periods. On appeal, Edwards challenges the district court's judgment (Covello, *J.*), which granted summary judgment on qualified immunity grounds as to Edwards's Eighth Amendment claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a grant of summary judgment, "view[ing] the facts in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Qualified immunity shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal

2

quotation marks omitted). The defendants bear the burden of establishing their entitlement to qualified immunity. *See Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [officials] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (internal quotation marks omitted). Because courts need not address these prongs sequentially, *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009), we focus here on the second and third prongs of the *Gonzalez* inquiry.

"A right is 'clearly established' if 'the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998) (alterations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To determine whether a right is clearly established, we consider "whether the right in question was defined with reasonable specificity," "whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question," and "whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." *Dean v. Blumenthal*, 577 F.3d 60, 68 (2d Cir. 2009) (per curiam) (internal quotation marks omitted).

The district court in this case described the right at issue as one "to recreate free from restraints" and held that, as a matter of law, such a right was not clearly established. Appellant's App. 8–9. We disagree, however, and conclude that the district court erred in finding that no

clearly established right was implicated because the court defined the scope of the relevant right too narrowly.

To prevail on a conditions-of-confinement claim, an inmate must show that he suffered a sufficiently serious deprivation and that prison officials acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner suffers a sufficiently serious deprivation when prison officials fail to furnish him with "life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Accordingly, we have recognized that "the Eighth Amendment requires that prison inmates be allowed some out-of-cell exercise." *Williams v. Greifinger*, 97 F.3d 699, 704 n.5 (2d Cir. 1996). That right is limited, however, where there is a valid safety exception or certain unusual circumstances. *See id.* at 704. Additionally, when a restriction on exercise is imposed, prison officials must perform "a detailed review" of feasible alternatives. *Id.* at 705 (internal quotation marks and alterations omitted). Taken together, our earlier decisions have clearly established a right for inmates to have some meaningful opportunity for exercise, unless the prison has a legitimate safety justification and has adequately considered feasible alternatives. As such, the district court erred by defining the scope of the right at issue too narrowly and by concluding that no right implicated in this case is clearly established.

Next, even though inmates have a clearly established right to some meaningful opportunity to exercise subject to a safety exception and adequate consideration of alternatives, the question remains whether "'reasonable persons in [the defendants'] position would not have understood that their conduct was within the scope of the established prohibition.'" *LaBounty*, 137 F.3d at 73 (quoting *In re State Police Litig.*, 88 F.3d 111, 123 (2d Cir. 1996)). To be entitled to qualified immunity on this basis, a defendant must demonstrate that "no rational jury could fail to conclude"

4

that it was reasonable for him to believe that his conduct did not violate the prisoner's constitutional right. *Id.* at 74 (internal quotation marks omitted).

We have recognized that a restriction on the meaningful opportunity to exercise must be based on a valid security exception. *See Williams*, 97 F.3d at 704. Here, it is undisputed that while in Phase I of the Administrative Segregation Program, Edwards was permitted to attend outdoor recreation only in full restraints, with his hands cuffed behind his back and his ankles shackled. Such a restriction may be found to infringe an inmate's right to some meaningful opportunity for exercise, and, if so, must be justified by legitimate safety considerations. Accordingly, if it finds unpersuasive a proffered safety justification, a reasonable jury could readily conclude that a corrections official acted unreasonably by permitting an inmate to exercise only in full restraints. After all, a prison policy that required *every* inmate to remain in full restraints during out-of-cell exercise would not comport with the clearly established scope of the Eighth Amendment as to a particular inmate, unless there were a persuasive safety justification for that inmate's restraints.

In this case, the district court did not adequately consider whether material factual disputes remained as to the adequacy of the safety justification for the prison's policy as it applied to Edwards. If there were in fact insufficient justification for applying this policy to Edwards, a reasonable jury could conclude that the defendants acted in violation of clearly established law. The district court therefore erred by failing to consider the adequacy of the justification for the prison's imposition of exercise restraints on Edwards.

The defendants nevertheless press that, even if the district court did not consider the adequacy of the safety justification, we should affirm because, at the time of the defendants' actions, "there was no decisional law requiring that inmates in [Phase I of Administrative

5

Segregation] exercise without handcuffs and leg restraints." Appellees' Br. 16. But "the absence of legal precedent addressing an identical factual scenario does not necessarily yield a conclusion that the law is not clearly established." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 251 (2d Cir. 2001); *see also Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances."). Under existing clearly established case law, a reasonable juror may conclude that reasonable officers would agree that fully restraining inmates during out-of-cell exercise without an adequate safety justification is unconstitutional. Accordingly, the district court erred in granting qualified immunity to the defendants without first considering whether disputed issues of fact precluded summary judgment with respect to the adequacy of the defendants' proffered safety justification for the exercise-restraint policy imposed on Edwards. We therefore vacate the judgment and remand for the district court to consider in the first instance the adequacy of the safety justification for the imposition of this policy on Edwards.

In vacating the district court's judgment, we clarify that on this appeal we do not reach several questions, some of which may become relevant at later stages of this litigation. First, we do not decide whether there is in fact a genuine factual dispute regarding the adequacy of the defendants' proffered safety justification or of their consideration of feasible alternatives.[1]

---

[1] In its decision below, the district court noted "that the plaintiff has not presented evidence to show that he suffered any injury from attending recreation in full restraints." Appellant's App. 7. But this statement is incorrect because Edwards produced a sworn affidavit in which he stated that he suffered certain physical injuries as a result of the prison's exercise-restraint policy. Although we take no position as to the materiality of the dispute over Edwards's alleged physical injuries, the affidavit, which is consistent with the allegations that Edwards makes in his complaint, suffices to create a factual dispute on this issue. *See, e.g.*, *Hathaway v. Coughlin*, 841 F.2d 48, 50–51 (2d Cir. 1988). If necessary, the district court can consider on remand the materiality of the injuries that Edwards allegedly suffered as a result of the exercise-restraint policy.

6

Second, we do not resolve the factual disputes necessary to decide the merits of Edwards's underlying constitutional claim. As a result, we do not consider whether the defendants would be entitled to qualified immunity if there were in fact an adequate safety justification for imposing the exercise-restraint policy on Edwards. We similarly do not determine Edwards's entitlement to equitable relief, which does not depend on the defendants' entitlement to qualified immunity. *See Ford v. Reynolds*, 316 F.3d 351, 356 & n.3 (2d Cir. 2003).

For the reasons stated herein, we **VACATE** the district court's judgment and **REMAND** the case for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7