■ VINCENT RUSS, Appellant, v STATE EMPLOYEES FEDERAL CREDIT UNION (SEFCU) et al., Respondents. [750 NYS2d 658] —Mercure, J.P. Appeal from an order of the Supreme Court (Lamont, J.), entered November 8, 2001 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

On October 15 and 16, 1997, three unauthorized withdrawals were made from a member's account at defendant State Employees Federal Credit Union (hereinafter SEFCU). An investigation commenced by SEFCU internal audit manager John Gallagher revealed that plaintiff had tendered his resignation and left on a preplanned vacation to Texas on the day following the last of the withdrawals and branch security tapes showed plaintiff to have been in the teller area, where the unauthorized withdrawals were processed, within one-half hour of two of the three transactions. In addition, Kari Zullo, the teller who processed the third withdrawal, said that she believed plaintiff had asked her to do so and that she "may" have given plaintiff the $2,500 withdrawn from the member account at that time. Gallagher prepared a report detailing the evidence that had been obtained and concluding that the unauthorized withdrawals "were not performed by [any] member and may have been done at the request of [plaintiff]."

Gallagher's report was turned over to defendant Denis Gastonguay, SEFCU's then vice-president of support services, who was responsible for loss prevention and undertook his own investigation into the matter. Ultimately, Gastonguay pre-

pared a "suspicious activity report" accusing plaintiff of requesting the unauthorized withdrawals and appropriating the funds. He mailed a copy of the report to the Federal Bureau of Investigation and hand-delivered the report, together with Gallagher's report and computer records showing plaintiff's entry into the teller area before and after the October 16, 1997 withdrawal, to the City of Albany Police Department. After meeting with a police detective, Gastonguay filled out an incident report alleging that plaintiff "did access [a member's] account * * * and without authorization did withdraw $4500 * * * [t]hereby stealing $4500 *·* * from SEFCU." The police detective subsequently spoke with Zullo, who provided a sworn affidavit indicating that plaintiff had asked her to make the unauthorized withdrawal of $2,500 on October 16, 1997 and that he had left with the money.

The police thereafter filed a felony complaint against plaintiff, and a local criminal court issued a warrant for plaintiff's arrest. Plaintiff was arrested in January 1998 and served six days in jail prior to posting bond. He was ultimately acquitted of all charges arising out of the subject withdrawals and thereafter commenced the present action seeking damages for defendants' false arrest and imprisonment, negligent training and supervision, malicious prosecution and defamation. Following joinder of issue, defendants moved for summary judgment. Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals, and we affirm.

Initially, we are unpersuaded by plaintiff's claim that Supreme Court erred in dismissing the causes of action for false arrest or false imprisonment. In cases such as this one, where the arrest and subsequent imprisonment arise out of a facially valid warrant issued by an impartial magistrate, causes of action for false arrest and false imprisonment generally will not lie (*see Romero v State of New York*, 294 AD2d 730, 733, *lv dismissed* 98 NY2d 727; *Ellsworth v City of Gloversville*, 269 AD2d 654, 656). In our view, plaintiff's reliance on cases where a warrant was issued on "knowingly false statements" (*Ross v Village of Wappingers Falls*, 62 AD2d 892, 897) or where the defendant "did much more than report the commission of the crime fairly and truthfully and leave its prosecution entirely in the hands of law enforcement agents" (*Dempsey v Masto*, 83 AD2d 725, 726, *affd* 56 NY2d 665) is unwarranted as no reasonably analogous facts are present in this case. To the contrary, the present record supports Supreme Court's conclusion that, following Gastonguay's report of the incident, the police conducted their own independent investiga-

tion, interviewed Zullo, obtained a statement from her and, on the basis thereof, obtained a warrant for plaintiff's arrest.

We also conclude that Supreme Court properly dismissed plaintiff's cause of action based on a theory of negligent training and supervision. Unlike the Fourth Department authority relied upon by plaintiff, *Titus v Hill* (134 AD2d 911), it is this Court's position that a claim for negligent training in investigative procedures is akin to a claim for negligent investigation or prosecution, which is not actionable in New York (*see Ellsworth v City of Gloversville, supra* at 656-657; *see also Romero v State of New York, supra* at 734; *Coleman v Corporate Loss Prevention Assoc.*, 282 AD2d 703), a position that is apparently now shared by the Fourth Department (*see Pandolfo v U.A. Cable Sys. of Watertown*, 171 AD2d 1013, 1014).

It is our view that plaintiff's causes of action for defamation and malicious prosecution were also correctly dismissed. Although it may be that Gastonguay and other SEFCU personnel could have performed a more thorough investigation before concluding that plaintiff was responsible for the defalcation, there is no competent evidence in the record to support a finding that either Gastonguay or SEFCU acted with malice in their accusation levied against plaintiff. Such a showing is required in order to defeat the qualified privilege that arises when a person makes a good-faith bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest (*see Grier v Johnson*, 232 AD2d 846, 847-848; *see also Toker v Pollak*, 44 NY2d 211, 218-219) or as an element of a cause of action for malicious prosecution (*see Broughton v State of New York*, 37 NY2d 451, 457). In our view, the evidence amassed by Gallagher and Gastonguay, and particularly Zullo's statement, provided a good-faith basis for the conclusion that plaintiff was responsible for the withdrawals.

Plaintiff's remaining contentions have been considered and found to be similarly unavailing.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.