■ CHRISTINA K. RUGGERIO, Appellant, v NEW YORK RACING ASSOCIATION, INC., Respondent. [788 NYS2d 515]—

Mugglin, J. Appeal from an order of the Supreme Court (Caruso, J.), entered November 18, 2003 in Schenectady County,

which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a pari-mutual clerk employed by defendant, sustained a shortage of $556.80 at the conclusion of her shift at Saratoga Race Course on August 18, 2001. When plaintiff failed to repay the shortage, as required by the rules of employment, defendant's investigator provided a deposition and a signed complaint to the City of Saratoga Springs police department accusing plaintiff of petit larceny. Plaintiff was subsequently arrested on a warrant issued by Saratoga City Court. The day prior to the adjourned trial date, plaintiff fully repaid the shortage and the charges were dismissed with defendant's consent. After joinder of issue in this action for false arrest, defendant moved for summary judgment on the ground that plaintiff's repayment of the shortage constituted an admission to the charge, thereby validating her arrest. Supreme Court granted summary judgment to defendant dismissing the complaint on grounds neither argued nor briefed, namely, that absent proof that defendant affirmatively induced the police officer to act, no claim of false arrest was viable. Plaintiff appeals, arguing that she had no opportunity to address the grounds used by Supreme Court to dismiss the complaint and, in any event, there is insufficient admissible evidence in the record for Supreme Court to have reached its conclusion.

We start by agreeing with Supreme Court that in the ordinary false arrest action, if a civilian merely makes a complaint to the police without thereafter affirmatively inducing the legal authorities to act on the complaint, false arrest will not lie against the complainant (*see Russ v State Empls. Fed. Credit Union*, 298 AD2d 791, 792 [2002]; *Cobb v Willis*, 208 AD2d 1155, 1156 [1994]). We also recognize that in the normal case, where, as here, the arrest was made pursuant to a warrant, malicious prosecution is usually the action brought (*see Broughton v State of New York*, 37 NY2d 451 [1975]). There is authority, however, that where an informant obtains a warrant based upon false information supplied by him or her, false imprisonment (arrest), not malicious prosecution, is the gist of the action (*see Ross v Wappingers Falls*, 62 AD2d 892 [1978]). We conclude that Supreme Court's analysis overlooked the authority of this case because the gravamen of plaintiff's false arrest complaint was that defendant's employee gave false information to the police and/or the issuing magistrate to obtain the warrant.

In essence, defendant's sole contention that repayment by plaintiff validated the arrest is a claim that probable cause existed for the arrest. Lack of probable cause, however, is not an

element of false imprisonment, although it may be relevant in relation to an affirmative defense (*see Broughton v State of New York, supra* at 458). Thus, defendant's submissions do not speak to the elements of plaintiff's cause of action. In addition, since the repayment was made prior to trial, it is not an admission against penal interest. Plaintiff's sworn affidavit that she did not steal the money, that others had access to her cash drawer and that she made repayment only because she was told she would be reemployed by defendant if she did so raises issues of fact concerning the affirmative defense.

Defendant did not support its motion for summary judgment with a copy of its investigator's complaint or supporting deposition to the Saratoga police or City Court. Absent that minimal showing, defendant did not shift the burden to plaintiff to lay bare her proof that those statements were not truthful so this factual issue remains for trial (*see GTF Marketing v Colonial Aluminum Sales*, 66 NY2d 965, 967-968 [1985]).

Lastly, as a result of our decision, Supreme Court will have to decide defendant's outstanding alternative motion for a change of venue as it no longer is academic.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.