Erica FORD, Miriam Plata, Quentin Walcott, Jose Ricas–Cinque, Viola Plummer and William Clay, Plaintiffs–Appellants,

v.

W. Ann REYNOLDS, Robert E. Diaz, Thomas Minter, Marcia Keizs, Ronald Brown, Charles McCabe, Jose Elrique, the City University of New York and York College, Defendants–Appellees.

No. 04–4608–CV.

United States Court of Appeals, Second Circuit.

Feb. 14, 2006.

Ronald B. McGuire, New York, NY, for Plaintiffs–Appellants.

Marion R. Buchbinder, Office of the Attorney General of the State of New York, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. DENNIS JACOBS, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiffs-appellants originally claimed violations of their First Amendment rights to free speech and assembly, and retaliation against expressive conduct protected by the First Amendment. This most recent appeal follows a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) entered July 24, 2004. This Court had asked the district court to assess the qualified immunity claims of defendants sued in their individual capacities. *Ford v. Reynolds,* 316 F.3d 351, 356 (2d Cir.2003). Instead, the district court dismissed certain claims for lack of standing and others for failing to state claims on which relief may be granted. We assume familiarity with the facts, the procedural history, and the issues on appeal. This Court reviews dismissal on the pleadings *de novo. Id.* at 354.

### I.   The 1994 Claims

The complaint specifies no cause of action arising from the 1994 Black Student Day Event ("BSD"), though two passages could potentially relate to it. The first alleges that the student plaintiffs would "suffer irreparable harm if they are suspended or expelled" after allegedly retaliatory disciplinary proceedings. Since the student plaintiffs have all graduated, and hence no longer face suspension or expulsion, any such issue is moot.

Second, the complaint alleges that, "By implementing an unconstitutional speakers ban for an invidious content-

based purpose, Defendants violated fundamental rights to free speech guaranteed to all the Plaintiffs under the ... United States Constitution." It is not alleged, however, that the 1994 ban was enforced, and Plaintiffs concede that all scheduled speakers spoke at the 1994 Event. On appeal, Plaintiffs argue that their First Amendment rights were violated by the program's delay, but while the complaint states that the 1994 Event actually began at 11:00 A.M., it neither alleges a scheduled start time nor does it allege delay. Having identified no injury in its complaint, dismissal on standing grounds was appropriate.

## II. Student claims from the 1995 Event

The student plaintiffs allege that Defendants violated their First Amendment rights by imposing a content-based speaker ban governing the 1995 Event, and by retaliating against the students' exercise of First Amendment rights. Both of these claims fail.

■ The student plaintiffs claim that they were injured when the BSD Event was delayed for two hours. The district court held this slight delay to be *de minimis* and therefore an insufficient injury to support standing. We conclude that the student plaintiffs failed to bring forth evidence sufficient to survive the defendants' motion for summary judgment. According to the defendants' uncontroverted Rule 56.1 statement, the BSD Event was cancelled because the defendants had failed to abide by the college's procedures for obtaining event approval. Because the plaintiffs failed to submit timely evidence establishing that the ban was a content-based restraint, the defendants are entitled to summary judgment on the student plaintiffs' First Amendment prior restraint claim.

■ As to the First Amendment retaliation claim, a plaintiff must allege that (1)

he has an interest protected by the First Amendment, (2) the defendant's actions were motivated by or substantially caused by the plaintiff's exercise of that right, and (3) the defendant's action effectively chilled the exercise of the plaintiff's First Amendment rights. *Connell v. Signoracci,* 153 F.3d 74, 79 (2d Cir.1998). The complaint, though, points only to two types of retaliatory harms, neither one of which involves a chill on free expression: harms that "Plaintiffs ... will suffer ... if they are suspended or expelled," which were mooted by graduation; and harm to "contractual rights and rights to prospective economic advantage." No allegation of specific *chill* of student expression can be found in either the complaint or plaintiffs' appellate brief. The allegation of a chill is indispensable for private plaintiffs. *See Morrison v. Johnson,* 429 F.3d 48, 51 (2d Cir.2005). Thus, having failed to allege an essential element of a First Amendment retaliation claim, the student plaintiffs' claims were properly dismissed.

## III. Speaker claims from the 1995 Event

■ The speaker plaintiffs restate the students' claim that the 1995 ban unconstitutionally infringed on freedom of expression; but this claim fails likewise for lack of timely evidence establishing the ban as a content-based prior restraint.

The speaker plaintiffs also allege that York College refused to pay promised honoraria to retaliate against disfavored expression. A First Amendment retaliation plaintiff must claim that "the defendant's actions were motivated by or substantially caused by the *plaintiff's* exercise" of *his* First Amendment rights. *Connell,* 153 F.3d at 79 (emphasis added). Defendants' Rule 56.1 statement claims that there is no genuine issue over the motivations driving York College's decision not to pay promised honoraria: Payment was withheld

"based on the fact that the *student-organizers* had contravened Acting President Minter's decision to decline authorization for outside speakers." (emphasis added). Thus, defendants claim they were retaliating against the *student plaintiffs'* conduct and not the *speaker plaintiffs'* speech. Defendants' submission on this point is uncontroverted by any timely response to Defendants' Rule 56.1 Statement. Having not connected Defendants' allegedly retaliatory action to their own expressive conduct, the speaker plaintiffs could not sustain a retaliation claim. All claims were therefore appropriately dismissed.

For the foregoing reasons, we AFFIRM the judgment of the district court.