Pacicca v. Stead

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              ROBERT D. SACK,
              REENA RAGGI,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

THOMAS PACICCA,
        <u>Plaintiff-Apellant</u>,

        -v.-                                                    10-1069

JAMES STEAD, BRIAN ROBBINS, POLICE OFFICER, MICHAEL HANNON, POLICE OFFICER, LAVELLE LARRIER, POLICE OFFICER, ANDREW BLACK, POLICE OFFICER, PATRICK OGERRI, POLICE OFFICER, CITY OF WHITE PLAINS,
        <u>Defendants-Appellees</u>,

FRANK VESSA, POLICE OFFICER,
        <u>Defendant</u>.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                  Eugene B. Nathanson, New York, New York.

**FOR APPELLEES:**            Joseph J. Gulino, Nicoletti Gonson Spinner & Owen, LLP, New York, New York (Counsel for James Stead).

Joseph A. Maria, White Plains, New York (Counsel for Brian Robbins, Michael Hannon, Lavelle Larrier, Frank Vessa, Andrew Black, Patrick Ogerri, and City of White Plains).

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Thomas Pacicca appeals from a judgment entered following a jury trial in the United States District Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Pacicca alleged false arrest and malicious prosecution under 42 U.S.C. § 1983 as well as state malicious prosecution claims against White Plains police officers who arrested him, the City of White Plains (invoking the doctrine of respondeat superior), and the neighbor who had lodged criminal complaints against him.

**[1]** *Claims Against Police Officers.* The White Plains police officers were entitled to summary judgment based on qualified immunity. An officer is entitled to qualified immunity if arguable probable cause exists, meaning "either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (quoting Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)).

Pacicca's July 30 and August 28, 2004 arrests concerned his damage to a margin of grass separating the property of his neighbor, James Stead, from the road.  Stead called police reporting damage to his property.  Pacicca argues that there could be no probable cause for acting on the complaints because the property was owned by the City of White Plains, not Stead; but that distinction does not negate arguable probable cause.  As to the July 30 arrest, a reasonable officer could believe that a person repeatedly moving rocks from city property gives rise to probable cause to arrest and prosecute that person for criminal tampering.[1] As to the August 28 arrest, a reasonable officer could believe that when a person repeatedly drives his car over a curb onto city property, there is probable cause to arrest and prosecute for violating an order of protection issued because the person had previously engaged in similar conduct.

Pacicca was arrested for cursing at Stead on December 23, 2004.  Pacicca admits that he cursed (his rant was videotaped), but argues that he was not addressing Stead, who (Pacicca contends) was inside his own house at the time.  A reasonable officer could nonetheless believe that there was probable cause to arrest Pacicca for violating an order of protection protecting Stead--particularly since their houses were the only ones in the immediate vicinity.

**[2]** *Claims Against Stead.*  The district court did not err in granting summary judgment in Stead's favor on all the § 1983 claims and on the state malicious prosecution claim arising out of Pacicca's August 28, 2004 arrest.  To support a claim against a private party on a § 1983 conspiracy theory, a plaintiff must show "(1) an agreement between a state actor

---

[1] "A person is guilty of criminal tampering in the third degree when, having no right to do so nor any reasonable ground to believe that he has such right, he tampers with property of another person with intent to cause substantial inconvenience to such person or to a third person."  N.Y. PENAL LAW § 145.14 (McKinney 2010).  We need not analyze probable cause for the other two charges for which Pacicca was arrested on July 30 because probable cause for any crime is a defense to false arrest, Brown v. Kelly, 609 F.3d 467, 484 (2d Cir. 2010), and because Pacicca's malicious prosecution claims for the other charges proceeded to trial.

3

and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). Pacicca presents no evidence that Stead entered a conspiracy with White Plains police. To defeat a motion for summary judgment, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

To prevail on a claim of malicious prosecution, a plaintiff must prove "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." Colon v. City of New York, 60 N.Y.2d 78, 82 (1983). "[E]ven if a civilian complainant is ultimately incorrect in his belief as to whether a person is committing a crime, he need only have had a reasonable basis for this belief in order to have the probable cause necessary to defeat a malicious prosecution or false arrest claim." TADCO Const. Corp. v. Dormitory Auth., 700 F. Supp. 2d 253, 275 (E.D.N.Y. 2010) (citing Williams v. Town of Greenburgh, 535 F.3d 71, 78-79 (2d Cir. 2008)).

Given the order of protection prohibiting Pacicca from harassing Stead, it was reasonable for Stead to believe that the repeated encroachment of Pacicca's car over the curb constituted a crime. Even though Stead did not own the property onto which Pacicca drove, he was responsible for its maintenance, so was harmed by damage done.

**[3]** *Jury Instructions*. The jury was charged that "[t]he exercise of independent judgment by the public prosecutor and his active role in initiating the criminal prosecution may break the chain of causation between the officer's actions and the criminal prosecution"--with the caveat that "if the public prosecutor relies on information conveyed by the officer that the officer knows is false and has no other independent basis for prosecuting the case, the officer is liable for causing the prosecution." Pacicca argues that the charge was erroneous. "[G]enerally in malicious prosecution actions alleging that a police officer provided false information to a prosecutor, what prosecutors do subsequently has no effect whatsoever on the police officer's initial, potentially tortious behavior." Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010); see also Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997) ("[A] jury could clearly find that [the police

4

officer] started the assault prosecution because no one disputes that he started the prosecution by filing the charges of second-degree assault."). Here, however, the prosecutor testified that he consulted with Stead and independently decided to prosecute. The charge was sound.

Pacicca also challenges the instruction on the element of malice, arguing that absence of probable cause should suffice to support an inference of malice. "[M]alice does not have to be actual spite or hatred, but means only 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 573 (2d Cir. 1996) (citation omitted). "[P]robable cause to initiate a criminal proceeding may be so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted. Hence, a jury may, but is not required to, infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding." <u>Martin v. City of Albany</u>, 42 N.Y.2d 13, 17 (1977).

The jury instructions closely tracked these precedents. The jury was informed that malice is established if the plaintiff proves by a preponderance of the evidence that the defendant "commenced criminal proceedings for a wrong or improper motive; that is, something other than a desire to see the ends of justice served" and that it could find malice if probable cause was "so lacking that it tends to show the defendant did not believe that plaintiff was guilty of a particular crime" or if the defendant "lacked any reasonable grounds to believe that plaintiff was guilty."

Finding no merit in Pacicca's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK