Keyanie **BROWN**, Plaintiff,

v.

**CITY OF NEW YORK.
et al., Defendants.**

**15 Civ. 194 (ILG) (RML)**

United States District Court,
E.D. New York.

Signed August 18, 2016

Chinyere E. Onwuchekwa, Chidi Eze & Associate, Brooklyn, NY, for Plaintiff.

Okwede N. Okoh, NYC Law Department, New York, NY, for Defendants.

### MEMORANDUM AND ORDER

GLASSER, Senior United States District Judge:

### BACKGROUND

Plaintiff Keyanie Brown brings this suit, pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, § 12 of the New York State Constitution, against the City of New York and police officer Thomas Perrone. Pending before the Court is Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56. For the reasons given below, that motion is GRANTED.

### INTRODUCTION

This action is for false arrest, the facts of which begin with non-defendant James Tasevoli, a police detective with the Brooklyn North Grand Larceny Division surveillance unit. On the day of Plaintiff's arrest, Tasevoli was visiting a Target store in the Gateway Mall in Brooklyn, where loss prevention staff reported a high frequency of credit card fraud. (Okoh Dec., Ex. D, Tasevoli Dep. 10:7–18, ECF No. 16-4.) Plaintiff was at the same Target that day with three friends, buying electronic equipment with gift cards. (Okoh Dec., Ex. B, Brown Dep. at 29–31, ECF No. 16-2.)

Through the store's security cameras, the employees at Target identified Plaintiff and told Tasevoli that "the group of people that she was along with[—]including her[—]frequent the Target store, and it was suspected that they were committing credit card fraud." (Tasevoli Dep. at 16:23–17:4.) When Tasevoli saw Plaintiff make

**330**

purchases with the cards, he called for backup surveillance. Defendant Perrone, another member of the surveillance unit, responded to that request. (Okoh Dec., Ex. C, Perrone Dep. at 11–14; 18–20, ECF No. 16-3.)

Watching from the parking lot, Perrone saw Plaintiff and her friends leave the store and get in a car (Perrone Dep. at 21:12–14), which he followed and stopped when it turned left without signaling, a violation of N.Y. Veh. & Traf. Law § 1163. (Perrone Dep. at 23:19–25:13.) Plaintiff, who was sitting in one of the passenger seats, disputes that the driver turned without signaling. She testified that the car was "at a red light waiting to make a left out of the parking lot when [it] w[as] stopped." (Brown Dep. at 40:8–10.)

At the stop, Perrone asked the driver and passengers for their IDs. When he ran them, he found warrants for the arrest of Plaintiff's three friends, including the driver, who also had a suspended license. (See Perrone Dep. at 28:11–20.) Plaintiff initially gave someone else's ID (id. at 28:2–29:4), but corrected that falsehood when Perrone confronted her. Plaintiff disputes this and asserts that she was never asked for an ID or her name. (See Pl.'s Response to Defs.' Rule 56.1 Statement ¶ 24, ECF No. 21.) Perrone arrested Plaintiff for false impersonation, in violation of N.Y. Penal Law § 190.23 (id. at 29:2–4; 33:11–23), and took Plaintiff and her friends to the 75th Precinct.

At the precinct, Perrone was able to examine the gift cards. He confirmed that they were fraudulent. (See id. at 38–40.) Plaintiff was thus charged with criminal possession of a forged instrument, in addition to false impersonation. (See id. at 35:14–17.) However, all charges against her were ultimately dropped.

This lawsuit followed. Plaintiff accuses Perrone and the City of violating of her rights under the constitutions of the Unit-ed States and the State of New York. She also brings a claim against the City based on Perrone's conduct, based on *respondeat superior*.

## DISCUSSION

### I. Legal Standard

■ Summary judgment is appropriate where "there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a). A moving party is entitled to judgment as a matter of law if the nonmoving party has failed to make a sufficient showing on an essential element of her case for which she has the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in h[er] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Mere "conclusory allegations or denials ... cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir.2010) (citation omitted). Finally, in considering a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir.2011) (quotation omitted).

### II. Analysis

#### a. False arrest, 42 U.S.C. § 1983

Plaintiff challenges the legality not just of her arrest but also of the traffic stop that preceded it. Defendants argue that both were justified, and, as described below, the Court agrees.

### 1. Legality of the traffic stop

█ A traffic stop, however brief, must comply with the Fourth and Fourteenth Amendments. See United States v. Scopo, 19 F.3d 777, 781 (2d Cir.1994). Plaintiff asserts that the stop in this case was pretextual and unprompted by any criminal activity. (See Pl.'s Mem. of Law in Opp. to Summary J. Mot. at 8, ECF No. 24.) But she forgets that the constitutionality of a search or seizure is an objective analysis, rendering Perrone's motivation or state of mind irrelevant. See Scopo, 19 F.3d at 782–83. The Court may look only to objective facts and circumstances surrounding the stop (id.), and in this case facts not reasonably in dispute establish that the stop was justified under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

█ Under Terry, police may briefly detain an individual for questioning if they have a reasonable suspicion of criminal activity. United States v. Colon, 250 F.3d 130, 134 (2d Cir.2001). Perrone received specific and trustworthy information from Tasevoli that Plaintiff was suspected of a crime (see Perrone Dep. at 13–14; 18–20), and he was entitled to rely on that information. See Golphin v. City of New York, No. 09 Civ. 1015 (BSJ), 2011 WL 4375679, at *2 (S.D.N.Y. Sept. 19, 2011) (under the "collective knowledge doctrine ... officers must be able to assume that the information conveyed by their colleagues is accurate and reliable [and] ... officers must be able to rely on the word of their colleagues even if their colleagues do not communicate every piece of evidence underlying" the suspicion). Plaintiff's contention that "Detective Tasevoli denies ever giving such information" to Perrone (Pl.'s Mem. of Law in Opp. to Summary J. Mot. at 5,

ECF No. 24), misstates Tasevoli's testimony and, therefore, does not persuade this Court. (See Tasevoli Dep. at 19–21; Dec. of James Tasevoli ¶¶ 8–9, ECF No. 27-1.) Plaintiff has failed to create a material dispute of fact as to the legality of the initial stop. See generally Terry, 392 U.S. at 1, 88 S.Ct. 1868.

### 2. Legality of the arrest

█ Having determined that the initial traffic stop did not violate the Fourth Amendment, the Court next considers whether Plaintiff's arrest was justified by probable cause. A "fluid concept" that "turn[s] on the assessment of probabilities in particular factual contexts," probable cause requires only the "probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 232, n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). An arresting officer need only possess enough information to convince a reasonable person that the arrestee committed an offense (see Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir.2006)), and if he does, then he is immune from a subsequent claim of false arrest. See Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir.2013).

█ Plaintiff has failed to create a material issue of fact as to whether Perrone had probable cause to arrest her. Perrone testified that Plaintiff gave him a false ID, and the arrest documents indicate the same. (See Perrone Dep. at 34–35.)[1] Although she denies this (see Pl.'s Response to Defs.' Rule 56.1 Statement ¶ 24, ECF No. 21), her version of the arrest is devoid of any credible details. She testified that Perrone, along with four other police officers, ran up to her car with his gun drawn,

---

1. Neither party provided the Court with documentation of Plaintiff's arrest, but those documents were used—and are thus described and referenced—during Perrone's deposition.

(See, e.g. Perrone Dep. at 34–35 (discussing deposition exhibits including the written complaint report on Plaintiff and her online booking sheet).)

"came to [her] side, [her] door, where [she] was sitting. ... took [her] out [of] the car ... arrested [her] and put [her] in the [police] car." (Brown Dep. at 43:3–6; see also id. at 40–43.) She stated that the officers said nothing to her, and she asked them nothing, in return. (See id.) That fanciful version of the arrest, in which Perrone arrested her without asking for identification, patting her down, or saying anything to her at all, does not defeat a well-supported summary judgment motion. See Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir.1997) ("The litigant opposing summary judgment ... must bring forward 'some affirmative indication that h[er] version of relevant events is not fanciful.'") (quoting Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir.1980)). Accordingly, summary judgment is granted as to Plaintiff's claim of false arrest brought pursuant to 42 U.S.C. § 1983.

### b. False arrest, Article I, § 12 of the New York State Constitution

Article I, § 12 of the New York State Constitution is a verbatim adoption of the Fourth Amendment of the United States Constitution. Therefore, a search or seizure based on probable cause does not violate it. The above analysis and finding of probable cause therefore compels the Court to also grant summary judgment on Plaintiff's claim of false arrest premised on the New York State Constitution.

### c. *Respondeat Superior* liability of the City

Summary judgment is also proper on Plaintiff's claim against the City, which is brought pursuant to 42 U.S.C. § 1983 and premised on *respondeat superior*. "Under Monell, a municipality may not be held liable under § 1983 solely on a *respondeat superior* theory," and Plaintiff has failed to show that any municipal policy or custom caused her to suffer a consti-

tutional deprivation. Missel v. Cnty. of Monroe, 351 Fed.Appx. 543, 545 (2d Cir. 2009) (italics added). Thus, Defendants' motion is granted as to this claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. SO ORDERED.