WILLIAM F. KUNTZ, II, United States District Judge:
Anselem Udechukwu ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and New York law against the City of New York (the "City") and New York City Police Department ("NYPD") Officers Delsano and Christopher Doll (together, the "City Defendants"), and Gamestop Corp. and Brittany Long (together, the "Gamestop Defendants"). Plaintiff seeks damages for alleged violations of his constitutional rights guaranteed by the First, Fourth, and Fourteenth Amendments of the United States Constitution, specifically iterated as claims for: (1) false arrest and false imprisonment,[1] (2) malicious prosecution, (3) retaliation for exercising his right to free speech, (4) conspiracy, and (5) failure to intervene. Plaintiff also alleges a claim *165 for defamation under New York common law against defendant Long. Plaintiff alleges defendants the City and Gamestop are liable for their employees' actions under the common law doctrine of respondeat superior . The City Defendants and the Gamestop Defendants now, move to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the City Defendants' motion to dismiss is GRANTED, and the Gamestop Defendants' motion to dismiss is GRANTED.
BACKGROUND
Plaintiff alleges on April 15, 2016, he went to the video game and computer electronics store, Gamestop, located at 1459 Rockaway Parkway, in Brooklyn, New York, and purchased a game card. Compl. ¶¶ 12-13, ECF No. 1. When Plaintiff arrived at home with the game card, his son told him that he got the wrong card. Id. ¶ 13. Plaintiff returned to Gamestop the following day to exchange the game card, but defendant Brittany Long, the store manager of the Gamestop, id. ¶ 9, refused to let Plaintiff exchange or return the card. Id. ¶ 14. Gamestop purportedly has a policy allowing customers to return merchandise within 30 days of purchase. Id. Plaintiff demanded to speak to the store manager, and Long informed Plaintiff she was the store manager. Id. ¶ 15. Plaintiff then demanded to speak to Long's supervisor, and Long responded that she was the supervisor. Id. ¶ 16. Plaintiff, unsure of what to do next, called his girlfriend for advice. Id. ¶ 18. Long overheard Plaintiff's girlfriend advising Plaintiff to call the police, and Long called the police first. Id. ¶ 19.
When NYPD Officers Doll and Delsano arrived, they asked Plaintiff to leave the store and Plaintiff began to comply. Id. ¶ 20. On his way out, Plaintiff told the officers and Long that "it was a fraud to take a customer's money without refund or exchange of the item," and further stated: " 'Mark my face, I will call the FBI on this store.' " Id. ¶¶ 21-22. After this statement, Officer Doll restrained Plaintiff's movement by placing his hands behind his back, and asked Long, "Is your life threatened?" Id. ¶ 23. Long responded "yes," and confirmed she would be pressing charges. Id. ¶¶ 23-24. Officer Doll then placed handcuffs on Plaintiff. Id. ¶ 24. Based on the information provided by Long, Plaintiff was arrested and charged with menacing in the third degree, trespass, and harassment in the second degree. Id. ¶¶ 26-27. The charges against Plaintiff were dismissed on July 27, 2016. Id. ¶ 28.
Plaintiff commenced this action on April 14, 2017. The City Defendants and the Gamestop Defendants are now moving to dismiss the Complaint in its entirety for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]
LEGAL STANDARD
To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual *166 content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Twombly , 550 U.S. at 558, 127 S.Ct. 1955. Accordingly, in deciding this motion, this Court must "assess the legal feasibility of the complaint, not ... assay the weight of the evidence which might be offered in support thereof." DiFolco v. MSNBC Cable LLC. , 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). In so doing, the Court must "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiffs favor," Chambers v. Time Warner, Inc. , 282 F.3d 147, 152 (2d Cir. 2002), but is "not bound to accept as true a legal conclusion couched as a factual allegation," Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc. , 712 F.3d 705, 717 (2d Cir. 2013) (citation and internal quotation marks omitted).
DISCUSSION
I. Claims Against City Defendants
Plaintiff alleges the following claims against Officers Doll and Delsano: (1) false arrest and false imprisonment, (2) malicious prosecution, (3) retaliation for exercising his First Amendment right to free speech, (4) conspiracy, and (5) failure to intervene (only against Officer Delsano). Compl. ¶¶ 31-45, 50-52. Plaintiff also alleges the City is vicariously liable for the actions of Officers Doll and Delsano under the theory of respondeat superior. Id. ¶¶ 48-49. For the reasons that follow, the City Defendants' motion to dismiss is granted in its entirety.
A. False Arrest/Imprisonment, Malicious Prosecution, and Failure to Intervene
It is well-settled that in an action under 42 U.S.C. § 1983, where probable cause is shown to have existed for a challenged arrest, a law officer cannot be found to have violated the arrestee's constitutional rights as a consequence of that arrest. See Pierson v. Ray , 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This conclusion follows from the fact that, under New York law, "probable cause serves as a complete defense to the charges of false arrest and malicious prosecution."[3] Graebe v. Falcetta , 726 F.Supp. 36, 38 (E.D.N.Y. 1989) (Wexler, J.) (citations omitted); see *167 Zanghi v. Incorporated Village of Old Brookville , 752 F.2d 42, 45 (2d Cir. 1985) ("It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution." (citing Feinberg v. Saks & Co. , 83 A.D.2d 952, 443 N.Y.S.2d 26, 27 (2d Dep't 1981), modified on other grounds , 56 N.Y.2d 206, 451 N.Y.S.2d 677, 436 N.E.2d 1279 (1982) ) ).
"In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst , 101 F.3d 845, 852 (2d. Cir. 1996) (citations omitted); United States v. Fisher , 702 F.2d 372, 375 (2d Cir. 1983) (citations omitted). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford , 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) (citing Maryland v. Pringle , 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) ). The arresting officer "need only possess enough information to convince a reasonable person that the arrestee committed an offense, and if he does, then he is immune from a subsequent claim of false arrest" Brown v. City of New York , 201 F.Supp.3d 328, 331 (E.D.N.Y. 2016) (Glasser, J.) (citations omitted).
Generally, "[a]n arresting officer advised of a crime by a person who claims to be the victim ... has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton Cty. Sheriff , 63 F.3d 110, 119 (2d Cir. 1995). Further, "[t]he veracity of citizen complaints who are the victims of the very crime they report to the police is assumed." Miloslavsky v. AES Eng'ring Soc'y , 808 F.Supp. 351, 355 (S.D.N.Y. 1992) (Sweet, J), aff'd , 993 F.2d 1534 (2d Cir. 1993) (citation omitted).
Plaintiff was arrested and charged with menacing in the third degree, trespass, and harassment in the second degree. Compl. ¶¶ 26-27. N.Y. Penal Law § 120.15 provides, "[a] person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." Under New York law, "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." N.Y. Penal Law § 140.05. "A person is guilty of Harassment in the Second Degree when, with intent to harass, annoy or alarm another person: 1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or 2. He or she follows a person in or about a public place or places; or 3. He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." N.Y. Penal Law § 240.26.
In making the determination that probable cause existed to arrest Plaintiff on one or more of these charges, Officer Doll relied on the complaint by Long, the statements made by Plaintiff as he was being escorted out of the Gamestop store, and Long's report that she felt threatened and she feared for her safety. See Miloslavsky , 808 F.Supp. at 355 (probable cause existed where officer relied on trespassing complaint, positive identification of arrestee as trespasser, and disruptive behavior exhibited *168 by arrestee). Accordingly, Plaintiff's false arrest and malicious prosecution claims are untenable as a matter of law.[4]
Moreover, Officer Doll would also be protected by the doctrine of qualified immunity, an affirmative defense which shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald , 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest-that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.' " Jenkins v. City of New York , 478 F.3d 76, 87 (2d Cir. 2007) (citation omitted). "Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law." Cerrone v. Brown , 246 F.3d 194, 202-03 (2d Cir. 2001) (quotation marks and citation omitted). Similar immunities also shield police officers from claims asserted under New York state law. See, e.g., Jones v. Parmley , 465 F.3d 46, 63 (2d Cir. 2006) ("New York Law ... grant[s] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis." (citations omitted) ). Having spoken to Long, the complainant, and heard her fear of her life being threatened, and having observed Plaintiff's conduct, Officer Doll had sufficient grounds to reasonably believe he had probable cause to arrest Plaintiff. At a minimum, reasonable officers could disagree as to whether there was probable cause to arrest Plaintiff for menacing, trespass, and/or harassment.
Since probable cause existed for his arrest, Plaintiff's false arrest and malicious prosecution claims must fail. With respect to the failure to intervene claim against Officer Delsano, Plaintiff concedes this claim fails if the Court finds Officer Doll did not violate Plaintiff's constitutional rights. Pl.'s Opp. to City Mot. at 15. Therefore, the claim for failure to intervene against Officer Delsano is dismissed.
B. First Amendment Retaliation
In order to state a claim of First Amendment retaliation, a plaintiff must prove: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Vill. of Suffern , 268 F.3d 65, 73 (2d Cir. 2001) (citation omitted). Plaintiff claims Officer Doll violated his "First Amendment Right of freedom of speech when [Officer Doll] arrested [Plaintiff] for saying that he will call the FBI."
*169 Compl. ¶ 32. Even if Plaintiff could prove he has an interest protected by the First Amendment, Plaintiff is unable to satisfy the second and third elements of the retaliation claim. With respect to the second element, there was probable cause for Plaintiff's arrest, and "the subjective motivations of the officers are not relevant to the determination of probable cause." Middelem v. Cty. of Suffolk , 99-CV-2707, 2003 WL 145247, at *9 (E.D.N.Y. Jan. 9, 2003) (Gleeson, J.). With respect to the third prong, Plaintiff does not allege facts to show that his First Amendment rights were chilled.[5] Ford v. Reynolds , 326 F.Supp.2d 392, 403 (E.D.N.Y. 2004) (Johnson, J.) ("Because Plaintiffs have failed to allege any actual chill or deterrence, this Court must conclude that [Plaintiffs] did not suffer the harm necessary to support their retaliation claim."), aff'd , 167 F. App'x 248 (2d Cir. 2006). Accordingly, Plaintiff's retaliation claim is dismissed.
C. Conspiracy
To survive a motion to dismiss on a section 1983 conspiracy claim, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson , 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted). "Allegations of a conspiracy to violate civil rights must be pleaded with specificity." Scalpi v. Town of E. Fishkill , 14-CV-2126, 2016 WL 858925, at *5 (S.D.N.Y. Feb. 29, 2016) (Karas, J.) (citations omitted). Moreover, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. Cty. of Nassau , 292 F.3d 307, 325 (2d Cir. 2002) (citation and quotation marks omitted).
Here, Plaintiff has failed to allege sufficient facts to show any agreement between defendant Long and the City Defendants to injure him, and any overt acts done in furtherance of that agreement. Rather, Plaintiff's complaint alleges the officers merely asked Ms. Long questions about the incident for which she had called 911 and she provided answers. In the absence of plausible specific facts demonstrating an agreement between defendant Long and the City Defendants and concerted action, Plaintiff's conspiracy claim must be dismissed. See Scalpi , 2016 WL 858925, at *5 (dismissing plaintiff's conspiracy claim where plaintiff alleged defendants were colluding to subject her to an unlawful trial and to incarcerate her against her will, where plaintiff failed to allege any specific facts evidencing an agreement among the alleged conspirators);
*170 Baines v. City of New York , 10-CV-9545, 2015 WL 3555758, at *12 (S.D.N.Y. June 8, 2015) (Furman, J.) ("Although Plaintiff repeatedly asserts that Defendants entered an agreement to violate his civil rights, the [complaint] is devoid of facts that would render that allegation plausible as opposed to merely conceivable." (citations omitted) ); Harrison v. New York , 95 F.Supp.3d 293, 325 (E.D.N.Y. 2015) (Bianco, J.) ("Critically absent from the Complaint are any specific facts identifying a willful collaboration between [defendants] to deny Plaintiff's constitutional rights, or an overt act or the agreement between the private actors and state actor forming the conspiracy." (internal quotation marks and citations omitted) ).
The Court finds Plaintiff's conclusory allegations insufficient to support a conspiracy claim under § 1983. Moreover, as discussed supra , the Court finds Plaintiff fails to plausibly allege a deprivation of his constitutional rights, and thus any claim for § 1983 conspiracy must also be dismissed on this basis. See Romer v. Morgenthau , 119 F.Supp.2d 346, 363 (S.D.N.Y. 2000) (Marrero, J.) ("[I]f a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights.") (citation omitted).
D. Respondeat Superior
Although not raised in the motion to dismiss, Plaintiff's claim against the City must be dismissed. The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of his or her employment. Beauchamp v. City of New York , 3 A.D.3d 465, 771 N.Y.S.2d 129, 131 (2d Dep't 2004). Although a municipality cannot be held vicariously liable on a section 1983 claim, under New York state law, a municipality may be held vicariously liable on state law claims asserted against individual officers under a theory of respondeat superior. Scott v. City of New Rochelle , 44 Misc.3d 366, 986 N.Y.S.2d 819, 836 (Sup. Ct. 2014). Here, however, there is no basis for a claim of municipal liability because Plaintiff has not alleged a viable claim against Officers Doll and Delsano. Accordingly, Plaintiff's respondeat superior claim against the City is dismissed.
II. Claims Against Gamestop Defendants
Plaintiff alleges claims against Long for (1) malicious prosecution, (2) conspiracy, and (3) defamation. Compl. ¶¶ 36-38, 44-47. Plaintiff also claims Gamestop is vicariously liable for Long's actions under the theory of respondeat superior. Id. ¶¶ 48-49. For the reasons set forth below, the Gamestop Defendants' motion to dismiss is granted in its entirety.
A. Malicious Prosecution
"Generally, a civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution." Lupski v. Cty. of Nassau , 32 A.D.3d 997, 822 N.Y.S.2d 112, 114 (2d. Dep't 2006) (citation omitted). "In order for a civilian defendant to be considered to have initiated the criminal proceeding, 'it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.' " Id. (quoting Viza v. Town of Greece , 94 A.D.2d 965, 463 N.Y.S.2d 970, 971 (4th Dep't 1983) ). "A civilian complainant who neither knowingly provides false information nor plays an active role in the prosecution cannot be held liable for malicious prosecution."
*171 Baker v. City of New York , 44 A.D.3d 977, 845 N.Y.S.2d 799, 802 (2d Dep't 2007) (citations omitted).
Plaintiff contends Long is liable for malicious prosecution because she "called the police ... and fabricated evidence that plaintiff was trespassing, menacing, and attempting to kill her knowing these allegations to be totally false and importuned the police to arrest plaintiff by pressing charges[.]" Compl. ¶ 45. Long-a civilian complainant-merely furnished information to police officers who were free to exercise their own judgment in whether to arrest Plaintiff. Indeed, when the police officers arrived, they did not arrest Plaintiff and instead asked him to leave the store. Thereafter, probable cause to arrest Plaintiff for one or more of the offenses he was ultimately charged with arose because Plaintiff made threatening statements, and Long reported her subjective fear of a threat to her safety. Plaintiff's Complaint makes apparent that Officers Doll and Delsano relied not only on the information provided by Long, but also on their own observations and interactions with Plaintiff. See Compl. ¶¶ 21-22. Long's report of her subjective fear to Officers Doll and Delsano and her indication that she would press charges, in response to the Officers' questions, cannot be construed as providing false information. Indeed, "even if a civilian complainant is ultimately incorrect in his belief as to whether a person is committing a crime, he need only have had a reasonable basis for this belief in order to have the probable cause necessary to defeat a malicious prosecution [ ] claim." Pacicca v. Stead , 456 F. App'x 9, 12 (2d Cir. 2011) (internal editing and citation omitted). As such, Plaintiff has not alleged that Long played a sufficiently active role in the prosecution, nor that she was acting with malice to support a malicious prosecution claim.[6]
B. Conspiracy
For the same reasons as discussed supra in Section I.C., Plaintiff's conclusory allegations are insufficient to support a conspiracy claim under § 1983. See, e.g., Scalpi , 2016 WL 858925, at *5. In the absence of plausible specific facts demonstrating an agreement between defendant Long and the City Defendants, concerted action to inflict an unconstitutional injury, and an overt act in furtherance of that conspiracy, Plaintiff's conspiracy claim must be dismissed. Pangburn , 200 F.3d at 72. Further, as Plaintiff fails to plausibly allege a deprivation of his constitutional rights, any claim for § 1983 conspiracy must also be dismissed on this basis. See Romer , 119 F.Supp.2d at 363.
C. Defamation
To state a claim for defamation under New York Law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on part of the publisher; (4) that either constitutes defamation per se or caused "special damages."
*172 Gargiulo v. Forster & Garbus Esqs. , 651 F.Supp.2d 188, 192 (S.D.N. Y. 2009) (Cederbaum, J.) (citation omitted); Dillon v. City of New York , 261 A.D.2d 34, 704 N.Y.S.2d 1, 5 (1st Dep't. 1999) (citation omitted). New York courts recognize a qualified privilege for statements made to police officers about suspected crimes. Present v. Avon Prod., Inc. , 253 A.D.2d 183, 687 N.Y.S.2d 330, 334 (1st Dep't 1999) ; Russ v. State Employees Fed. Credit Union (SEFCU) , 298 A.D.2d 791, 750 N.Y.S.2d 658, 660 (3d Dep't 2002) ; Nevin v. Citibank, N.A. , 107 F.Supp.2d 333, 344 (S.D.N.Y. 2000) (McMahon, J.). "[A] plaintiff can overcome the privilege by showing malice-evidence that the defendant knew the statement to be false, but made it anyway." Nevin , 107 F.Supp.2d at 344.
Applying these principles, the Court finds Plaintiff has not pled sufficient facts to support any inference of malice in order to overcome Long's qualified privilege in making statements to the police officers. Plaintiff alleges Long "falsely publicized to the hearing of the police officers and general public that plaintiff threatened to kill her." Compl. ¶ 25. However, Plaintiff's Complaint alleges only that Long confirmed she felt her life was threatened. Id. ¶ 23. Long's subjective statement of her fear of a threat to her safety cannot be the basis of a defamation claim and, in any event, falls under the qualified privilege afforded to civilians for statements made to the police about suspected crimes. Moreover, Plaintiff has not alleged Long's statement was made with malice. Even if, based on Plaintiff's conduct, Long should not have felt threatened, Plaintiff cannot prove malice (i.e. , that Long reported the feeling of threat knowing it was false). Therefore, Plaintiff claim for defamation against Long is dismissed.
D. Respondeat Superior
Plaintiff's claim of vicarious liability against Gamestop cannot stand because "there is no primary liability upon which such a claim of vicarious liability might rest." Karaduman v. Newsday, Inc. , 51 N.Y.2d 531, 546, 435 N.Y.S.2d 556, 416 N.E.2d 557 (1980). As Plaintiff has failed to plead any viable claim against Long, Plaintiff's respondeat superior claim against GameStop is dismissed as well.
CONCLUSION
For the foregoing reasons, the City Defendants' motion to dismiss is GRANTED in its entirety, and the Gamestop Defendants' motion to dismiss is GRANTED in its entirety. Because this Decision and Order dismisses all claims in this action, the Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 24 and 36 and to close the case.
SO ORDERED.

Although Plaintiff purports to assert false arrest and false imprisonment as two independent causes of action, false arrest is a kind of false imprisonment, and the claims are analyzed in identical fashion. See, e.g., Wallace v. Kato , 549 U.S. 384, 388-89, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Accordingly, the Court treats the two torts interchangeably.

Mem. in Supp. of City Defs.' Mot. to Dismiss ("City Mot."), ECF No. 37; Mem. in Supp. of Gamestop Defs.' Mot. to Dismiss ("Gamestop Mot."), ECF No. 24-3 see also Pl.'s Mem. in Opp'n to City Defs.' Mot. to Dismiss ("Pl.'s Opp. to City Mot."), ECF No. 40; Reply Mem. in Supp. of City Defs.' Mot to Dismiss, ECF No. 39; Pl.'s Mem. in Opp'n to Gamestop Defs.' Mot. to Dismiss ("Pl.'s Opp. to Gamestop Mot."), ECF No. 26; Reply Mem. in Supp. of Gamestop Defs.' Mot. to Dismiss, ECF No. 25.

A claim of false arrest under § 1983, as under New York law, requires a plaintiff to plead: (1) "the defendant intended to confine" the plaintiff; (2) "the plaintiff was conscious of the confinement"; (3) "the plaintiff did not consent to the confinement"; and (4) "the confinement was not otherwise privileged." Broughton v. State , 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975) ; Folk v. City of New York , 243 F.Supp.3d 363, 371 (E.D.N.Y. 2017) (Kuntz, J.). An arrest is privileged if it was "based on probable cause," Savino v. City of New York , 331 F.3d 63, 76 (2d Cir. 2003) (quoting Broughton , 37 N.Y.2d at 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 ). To establish a claim for malicious prosecution under New York law, the plaintiff must show (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant acted with malice, (3) the defendant lacked probable cause to believe the proceeding could succeed, and (4) the prosecution was terminated in the plaintiff's favor. O'Brien v. Alexander , 101 F.3d 1479, 1484 (2d Cir. 1996) (citing Broughton , 37 N.Y.2d at 457, 373 N.Y.S.2d 87, 335 N.E.2d 310 ). To prevail on a § 1983 malicious prosecution claim, a plaintiff must establish the elements of malicious prosecution under state law, and then show that his Fourth Amendment rights were violated after legal proceedings were initiated. See Fulton v. Robinson , 289 F.3d 188, 195 (2d Cir. 2002). Plaintiff's Complaint does not suggest any legal procedures were abused after Plaintiff's arrest, and, therefore, any alleged malicious prosecution claim under § 1983 fails.

To the extent Plaintiff purports to add an unlawful stop claim by alleging in his opposition, for the first time, that immediately prior to his arrest, he was "falsely detained without probable cause," Pl.'s Opp. to City Mot. at 2-4, the Court will not consider this claim, D'Alessandro v. City of New York , 713 F. App'x 1, 11 n.12 (2d Cir. 2017) (plaintiff cannot use opposition to a motion to dismiss to amend the complaint); Wright v. Ernst & Young LLP , 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for the first time in plaintiff's opposition to motion to dismiss); Colon v. Mark-Viverito , 16-CV-4540, 2018 WL 1565635, at *8 n.9 (S.D.N.Y. Mar. 26, 2018) (Broderick, J.) ("[A]ny legal arguments beyond the scope of the complaint are inappropriate for consideration on a motion to dismiss." (citations omitted) ).

Plaintiff asserts he "did not need to show a chilling effect but if the Court finds otherwise, he should be granted an opportunity to re-plead." Pl.'s Opp. to City. Mot. at 13. This request is denied as re-pleading would be futile. See Cuoco v. Moritsugu , 222 F.3d 99, 112 (2d Cir. 2000) (a futile request to replead following dismissal should be denied). The problem with Plaintiff's retaliation claim is substantive; better pleading will not cure it. Namely, Plaintiff cannot satisfy the second prong of the claim because there was probable cause for his arrest, which is the alleged adverse action underlying the retaliation claim. Further, Plaintiff's request to amend the Complaint with respect to all dismissed claims, Pl.'s Opp. to City Mot. at 16, is denied as futile as well. See Hayden v. Cty. of Nassau , 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint: in a manner which would survive dismissal, opportunity to replead is rightfully denied." (citation omitted) ).

In his opposition, Plaintiff claims for the first time: (1) Long "lied to the police that Plaintiff moved towards her, had his finger at her and stated that 'he will be back,' " and (2) Long lied to the police that plaintiff refused to leave the store. Pl.'s Opp. to Gamestop Mot. at 5. These allegations are not included in the Complaint and are not considered by the Court. See Costa v. Astoria Fed. Sav. & Loan Ass'n , 995 F.Supp.2d 146, 148 (E.D.N.Y. 2014) (Spatt, J.) ("[E]vidence outside of the Complaint may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)." (citations omitted) ); Peacock v. Suffolk Bus Corp. , 100 F.Supp.3d 225, 231 (E.D.N.Y. 2015) (Wexler, J.) (a plaintiff cannot amend his complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss).